In the Matter of GERARD E. CONNORS et al., Petitioners, against JASPER P. MESSINA et al., Respondents. (Independent Party.)

In the Matter of GERARD E. CONNORS et al., Petitioners, against JASPER P. MESSINA et al., Respondents. (Non-Partisan League.)

In the Matter of GERARD E. CONNORS et al., Petitioners, against JASPER P. MESSINA et al., Respondents. (Peoples Party.)

In the Matter of GERARD E. CONNORS et al., Petitioners, against JASPER P. MESSINA et al., Respondents. (Clean Government Party.)

Supreme Court, Special Term, Nassau County, March 8, 1955.

*David Holman* for petitioners.

*Joseph A. Suozzi* for respondents.

RITCHIE, J. The petitioners, Connors, Sherbow and Boracci, candidates in that order for the offices of Mayor and trustees of the Village of New Hyde Park, filed nominating petitions for

those offices on two party lines, the Independent party and the Non-Partisan league. The respondents, Messina, Christ and Hart, rival candidates for those same offices, filed nominating petitions on the party lines of the Clean Government party and the Peoples party. All are independent parties. Prior to the instant applications, petitioners filed objections to respondents' nominating petitions, and respondents filed objections to the nominating petitions of the petitioners. Due to the imminence of the election, this proceeding was brought by petitioners for an adjudication declaring void respondents' petitions and declaring valid the petitions filed by petitioners. On the argument, for the purpose of identification and convenience, the applications were numbered 1 through 4 and in that order are the applications to declare valid nominating petition of the Independent party, to declare valid the nominating petition of the Non-Partisan league; to declare invalid the nominating petition of the Peoples party and to declare invalid the nominating petition of the Clean Government party. The proceedings will be determined in that order.

The nominating petitions and the objections filed thereto are before the court. A reading of the objections filed to the nominating petitions which are the subject of proceedings numbered 1 and 2 reveal that they are identical. Five grounds are therein asserted to establish the invalidity of the petitions, to wit, that the petitions are improper, insufficient, defective and invalid as to form, substance and content; that the addresses of the signatories are vague and uncertain; that the election districts mentioned in the petitions do not exist in the Incorporated Village of New Hyde Park; that the subscribing witnesses, in their sworn statements, state their residences are in nonexisting election districts in the village; and that the petitions are not signed by the minimum number of qualified voters registered in the village at the last preceding general election. As stated hereinbefore, the petitions are before the court.

In applications 1 and 2, examination of the petitions therein establishes their sufficiency as to form, substance and content when considered in conjunction with the requirements of section 138 of the Election Law. Perusal of the records of the office of the Commissioners of Elections of Nassau County establishes the existence of the election districts therein set forth as being within the limits of the incorporated village and eliminates from consideration the third and fourth specifications in the objections. In considering the fifth specification, examination of the petitions shows 308 signatories on the Independent party peti-

tion and 223 signatories on the Non-Partisan league petition. Subdivision 5 of section 138 of the Election Law requires a minimum of 100 signatories on such petitions. It is determined, therefore, that sufficient qualified signatories have signed the petitions of the Independent party and the Non-Partisan league. For the reasons hereinbefore asserted, the petitions of the Independent party and the Non-Partisan league are declared valid and the candidates named therein to be the duly nominated candidates for the offices set opposite their names in the forthcoming election to be held on March 15, 1955.

Next to be considered are applications 3 and 4, those to declare invalid the nominating petitions of the Peoples party and the Clean Government party. Section 138 of the Election Law, in subdivision 1 thereof, sets forth the form and substance of the petition to be filed. It specifically provides that the petition set forth " the full name of the signer, his present residence, the residence from which he was registered at the time of the last preceding election ". Neither of the petitions attacked in the proceedings presently being considered meets the emphasized requirement of section 138. The objections filed to those petitions specify this omission. The respondents, meeting the objection, point to subdivision 6 of section 138, which sets forth, " The name of a person signing such a petition for an election for which voters are required to be registered shall not be counted if such person was not registered at the time of the last preceding general election as a qualified voter ", contending that since registration is not required for the election for which the nominating petitions herein were filed, the hereinbefore emphasized portion of section 138 has no application. With this contention I am not in agreement. Subdivision 6 does not eliminate the requirement of subdivision 1. It designates the ineligibility of a signatory of a nominating petition for an election in which voters are required to be registered and is not to be construed as eliminating the requirement of subdivision 1. It is the determination of this court that omission to set forth the residence of the signatory from which he was registered at the time of the last preceding general election is fatal to the nominating petition of the respondents. In addition to such omission, the petition of the Clean Government party is attacked in a specification which asserts that the election district therein set forth as the election district of every signatory thereto is non-existent. On the argument, all parties hereto agreed that said Election District No. 141 was, prior to the last general election, renumbered Election District No. 38. Petitioners assert that the

incorrect designation of the election district is a further ground for voiding this latter petition. Respondents meet such assertion with the contentions that the boundaries of the election district remain the same and that the renumbering of the election district was generally unknown to voters, not only of the political parties to these proceedings but as well to one of the major political parties as evidenced by a brochure published in January, 1955, which sets forth Election District No. 141 as an election district within the political unit in which the forthcoming election is to be held. By this contention, respondents seek to minimize the error but such minimization is ruled out by the determination of the Court of Appeals of this State in *Matter of Lieblich* v. *Cohen* (286 N. Y. 559), wherein a wrongful designation of the election districts of signatories, although changed only by renumbering, rendered invalid those signatures on the nominating petitions therein ruled upon.

Accordingly, the nominating petitions of the Peoples party and the Clean Government party are adjudicated to be void.